UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | | |
|---|---|---|---|
| **Michael Patrick Contorno #20211974** | ) | | |
| | ) | | |
| **Plaintiff,** | ) | | |
| | ) | | |
| v. | ) | Case No. 04 C 719 | |
| | ) | | |
| **Sheriff John Zaruba, et al.,** | ) | | |
| | ) | | |
| **Defendants.** | ) | Judge Blanche M. Manning | |

## MEMORANDUM OPINION AND ORDER

The Plaintiff, Michael Contorno, currently a pretrial detainee at the DuPage County Jail ("jail"), has brought this pro se civil rights action pursuant to 42 U.S.C.§1983. He claims that the defendants, DuPage Sheriff Zaruba, employees at the jail, and medical staff, violated his constitutional rights by using excessive force against him on January 30, 2003 and then failing to provide him with adequate medical care for the injuries he sustained on that date. This matter is before the court for consideration of the defendants' motion for summary judgment, in which they assert that Plaintiff failed to exhaust available administrative remedies prior to suit, as required by 42 U.S.C.§ 1997(e)(a).

This motion was originally filed as a motion to dismiss, and as such, was denied because of the need for the court to examine evidence outside of the complaint. Now defendants have properly filed the motion as one for summary judgment. Plaintiff was given the warning pursuant to Local Rule 56.2 regarding responding to a motion for summary judgment, but failed to respond to the defendants' motion. In addition, in this court's November 3, 2004 order,

1

Plaintiff was told that he would be required to respond specifically to each asserted fact about his use of the grievance procedure, so that the court could determine if there was a genuine issue of material fact with regard to his having exhausted his administrative remedies prior to filing this suit. In spite of these warnings, Plaintiff has filed no response. Further, when a district court provides adequate opportunity for a *pro se* litigant to respond to a motion for summary judgment and warns him of the consequences of failing to respond, it may decide the motion without the benefit of the litigant's responses. *See Houston v. Sidley & Austin,* 185 F.3d 837, 838 n. 1 (7th Cir.1999); *Reales v. Consol. Rail Corp.,* 84 F.3d 993, 997 (7th Cir.1996); *Lewis v. Faulkner,* 689 F.2d 100, 101-102 (7th Cir.1982); *see also* Fed.R.Civ.P. 56(e). Therefore, the court will rule without benefit of his views. Additionally, Plaintiff has submitted a motion for leave to file an amended complaint. Defendants have not responded to that motion. The court will also rule on that motion without the benefit of defendants' views.

For the reasons stated in this order, the motion for summary judgment is granted and the motion for leave to file an amended complaint is denied. The court first examines the summary judgment motion because it affects the court's ruling on all other pending motions.

## **STANDARD OF LAW**

Summary judgment will be granted when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). *O'Connor v. DePaul Univ.,* 123 F. 3d 665, 669 (7th Cir. 1997). In weighing a motion for summary judgment, the court must take the facts in the light most favorable to the party opposing the motion and draw all reasonable inferences in that party's favor. *Bahl v. Royal Indemnity Co.,* 115 F. 3d 1283,1289 (7th Cir. 1997); *Condo v. Sysco Corp.,*

1 F. 3d 599, 601 (7th Cir. 1993). The party opposing the motion must present evidence of a triable issue of material fact. *See Vance v. Peters,* 97 F. 3d 987, 990 (7th Cir. 1996). The non-moving party is required to go beyond the pleadings and designate specific facts showing a genuine issue for trial. *Bank-Leumi Le-Israel, B.M. v. Lee,* 928 F. 2d 232, 236 (7th Cir. 1991). A fact is material when it would determine the outcome under the governing law. *Whetstine v. Gate Rubber Co.,* 895 F.2d 388, 392 (7th Cir. 1990). A material fact is genuinely in dispute when "the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986).

**Background**

In Plaintiff's complaint he states that Deputies Hessler, Sanchez and Swan were involved in the January 30, 2003, incident in which he claims that Hessler and Sanchez used excessive force against him and Swan failed to intervene. He claims that as a result of their twisting his arms behind his back and pressing his face into the floor, he suffered a strained rotator cuff in his right shoulder, as diagnosed by a Dr. Guzman. He further claims that Nurse Hollenberger witnessed the events but failed to give him medical care on that day, in spite of the fact that he was in severe pain. He further claims that he submitted grievances the same week that he filed this lawsuit, January 29, 2004, and that he had not yet received a response. He claims he addressed a grievance to Deputy Manion and "John Doe deputies" about his pain resulting from the excessive use of force and his wish not to have funds deducted from his trust account to pay for these medical expenses. Further, he wanted x-rays taken and a second medical opinion about his injury from the DuPage hospital. He claims that the John Doe deputies are throwing away his grievances because he has not yet received a response from the grievance appeal procedure.

3

In their motion for summary judgment, defendants submit the following LR 56.1 facts with supporting evidence. Plaintiff received the rules and regulations of the jail on September 14, 2002, including the grievance procedures.[ Facts #5& 6, Exh. C] The only grievances he filed from January 30, 2003 the date of the incident, until this complaint was filed[1], were the seven grievances and one appeal attached to the motion. [Facts ## 10-23, Exh. D, E]. Written responses were made to each of these grievances. Not a single grievance raised the issue of excessive force from the January 30 incident. Additionally, the grievances do not allege that Plaintiff was denied medical care or that defendants were deliberately indifferent to his medical needs. [Exh. E] He submitted four medical requests regarding his shoulder. [Facts # 25, Exh. G]. None of them complained of inadequate medical care or injuries resulting from excessive use of force.

Plaintiff filed a declaration and memorandum of law in order to oppose defendants' motion to dismiss, filed August 16, 2004, in which he states at page 7, in full caps: "In the Plaintiff's situation the exhaustion is excused where he has been led to believe by prison officials that an incident is not a grievance matter or filing one would be futile." On August 16, 2004, he also submitted a certified proposed amended complaint. In the amended complaint, he adds Dr. Guzman, who diagnosed his shoulder injury, as a defendant, and additional John Doe defendants. In the section of the amended complaint providing information about exhaustion of administrative remedies, he states that he sent grievances directed to Deputy Manion about the pain he suffered from the January 30, 2003 excessive force used against him. He adds that he wrote to a state court judge about these issues. Further, he states that defendant Hessler was

---

[1] Defendants mistakenly state that the case was filed on the date that in forma pauperis was granted. This is incorrect. The case was filed on January 29, 2004; thus the grievance process must have been completed before that date.

going to be a witness against Plaintiff in his pending criminal case and that the actions on January 30 were deliberately done as punishment for Plaintiff "pursuing his criminal case to trial." He states that the medical service "Jane Does" were throwing away his request forms, and that the medical services has yet to respond to any of his grievances. He also believes that "John Doe deputies" were throwing away his grievances, because he claims they failed to respond or delayed their responses to him. He alleges that he was not seen by a doctor until February 25, and that this delay was to punish him for filing grievances about the January 30 incident. It further appears that he was not satisfied with Dr. Guzman's diagnosis or treatment of his shoulder. It is important to note that he then lists numerous dates <u>subsequent</u> to his having filed the original complaint in this case, in which he claims he filed additional grievances about these matters.

Additionally, on October 12, 2004, he filed a motion seeking to file his amended complaint, in which he states that he did file grievances about medical care. On April 6, 2005 he filed another motion, this time requesting the court to appoint an examiner and give him an x- ray of his shoulder. On April 26, 2005, he filed a motion for an order compelling discovery, in which, *inter alia,* he states that the motion for summary judgment should be denied because the same subject was already addressed and denied in defendants' motion to dismiss. Finally, Plaintiff submitted exhibits on September 3, 2004, but did not present a certificate of service. Failure to have served these papers on defendants results in the court not considering them for this motion.[2] All of these pleadings except the amended complaint are unsworn. The amended

---

[2] On September 3, 2004, Plaintiff filed what purports to be copies of various grievances addressing the matters in this complaint. However, some are undated, and all the others are dated after this complaint was filed. Specifically, the complaint was received by the court on January

5

complaint is certified. Plaintiff states: "By signing this civil rights action and complaint at law, I certify that the facts outlined and stated within its contents are true to the best of my knowledge, information and belief under the penalty of perjury and possible sanctions by this honorable court."

**DISCUSSION**

**Exhaustion of administrative remedies**

On the matter of exhaustion of remedies, Plaintiff must have completed the grievance process before the original complaint was filed. Prisoners must exhaust all available remedies concerning prison conditions *prior* to bringing a suit under federal law. *See Porter v. Nussle,* 534 U.S. 516, 523 (2002); *Booth v. Churner,* 532 U.S. 731, 739 (2001). (emphasis added); *Witzke v. Femal,* 376 F.3d 744, 749 ( 7th Cir.2004). In pertinent part, the statute provides: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C.§ 1997e(a). "A remedy may be 'available' whether or not the prisoner prefers a balm (such as money damages) that the grievance process does not provide. *See Porter v. Nussle,* 534 U.S. 516, 122 (2002); *Booth v. Churner,* 532 U.S. 731 (2001)." *Ford v. Johnson,* 362 F.3d 395, 397 ( 7th Cir. 2004).

Plaintiff's real problem is timing. Section 1997e(a) says that exhaustion must precede litigation. "No action shall be brought" until exhaustion has been completed. *Ford v. Johnson*,

---

29, 2004 and was signed by Plaintiff for submission to the court on January 21, 2004. However, the dates on the grievances -that were not served on defendants- are July 19, 23, 29, in 2004. Thus, these documents post-date the filing of the complaint and show that the grievance system was not completed prior to the filing of this case. Other included documents relate to the merits of his case and are not relevant for the issue of exhaustion.

362 F.3d 395, 398 ( 7th Cir. 2004). Thus, Plaintiff cannot cure the problem by starting grievances after he filed the original complaint, and then filing an amended complaint after those grievances have been completed.

In the alternative, plaintiff could have filed a new complaint after voluntarily dismissing this one. He might have earlier been able to file a new lawsuit using these additional grievances as his proof of exhaustion, but instead he attempted to file an amended complaint. This he cannot do. Unfortunately for him, now the time has passed for him to file a new federal lawsuit about the January 30, 2003 incident, as the statute of limitations has run. *Wilson v. Garcia*, 471 U.S. 261 (1985), held that 42 U.S.C. § 1988 requires federal courts to borrow and apply a state's personal injury statute of limitations to all Section 1983 claims. The applicable statute in this instance is 735 ILCS 5/13-202 (1992), which provides that actions for damages shall be commenced within two years next after the cause of action accrued. *See Booker v. Ward*, 94 F. 3d 1052, 1056 (7th Cir. 1996), citing *Farrell v. McDonough*, 966 F. 2d 279, 282 (7th Cir. 1992); *Kalimara v. Illinois Department of Corrections*, 879 F.2d 276, 277 (7th Cir. 1989). The statute of limitations is not tolled even though the plaintiff may not know the wrong done to him is legally actionable. *Tate v. Beverly Chrysler Plymouth*, 182 Ill. App. 3d 830, 837, 538 N.E.2d 663, 667 (Ill. App. 1st Dist. 1989). Further, Illinois no longer tolls the statute of limitations for inmates. *See Wilson v. Giesen*, 956 F.2d 738, 741 (7th Cir. 1992); *Knox v. Lane*, 726 F.Supp. 200, 201-02 (N.D.Ill. 1989). Because more than two years have elapsed now since plaintiff's claim against defendants arose, a new action, after all his grievances are completed, would be time-barred.

### Compliance with local rules related to summary judgment

Plaintiff was twice warned of the necessity to submit evidence in support of his

7

complaint, and that he was not able to counter a motion for summary judgment with a complaint, but must submit additional evidence that could be admissible at trial. He failed to do this. First, as earlier discussed, his unserved submission related to grievances filed subsequent to the filing of this complaint. His only other submission which can be considered at all is, therefore, the certified amended complaint. A district court has discretion to require strict compliance with its local rules governing summary judgment. *Bordelon v. Chicago Sch. Reform Bd. of Trs.,* 233 F.3d 524, 527 (7th Cir. 2000). Plaintiff has failed to follow those rules, in spite of repeated warnings. Plaintiff failed to file a factual statement in the form required by the local rule, thereby conceding the defendants' version of the facts. *See Monzidelis v. World's Finest Chocolate,* No. 01 C 8867 (N.D.Ill. Aug. 8, 2002) (citing *Hedrich v. Bd. of Regents of Univ. of Wis. Sys.,* 274 F.3d 1174, 1177-78 (7th Cir. 2001); *Jupiter Aluminum Corp. v. Home Ins. Co.,* 225 F.3d 868, 871 (7th Cir. 2000).

Even if the court read the rule regarding summary judgment to allow that an amended certified complaint could be read as additional evidence, which it need not do, Plaintiff still would not be able to overcome his failure to exhaust his administrative remedies prior to filing the original lawsuit. He appears to believe that the various grievances he filed subsequent to the filing of the original lawsuit and outlined in his amended complaint, are sufficient to show that he has exhausted his administrative remedies. He is mistaken in his belief that by filing an amended complaint he gets to "wipe the slate clean". *See* discussion, *supra,* regarding timing of grievances before lawsuit filed. In any case, Plaintiff's only counter argument regarding the grievance issue, made in his unsworn pleadings and his amended complaint, states only that unknown deputies threw out his grievances. With no supporting evidence for this claim, it does

not raise a genuine issue of material fact for the purpose of this summary judgment motion.

Because Plaintiff failed to respond to the motion for summary judgment, the court has accepted the statement of facts set out by defendants in t heir LR 56.1 statement showing Plaintiff's complete lack of filing any grievances related to the excessive use of force against him, or inadequate medical care. On the contrary, the grievances and defendants' responses indicate that the grievance system was routinely followed, that Plaintiff filed and obtained responses to several grievances. Now too late for him to file a new lawsuit in this court, this suit will be dismissed with prejudice.

Further, though the court need not address the merits of Plaintiff's substantive claim, it appears from defendants' presented evidence that Plaintiff did receive medical attention, albeit not to his liking. The court is sympathetic that Plaintiff has obviously suffered pain from his shoulder injury. However, the court does not second guess the medical advice Plaintiff received from Dr. Guzman, and Plaintiff has submitted no evidence to show that Dr. Guzman, not even a defendant in the original complaint, acted inappropriately or with deliberate indifference toward his need for medical care. It appears that the doctor did not prescribe medication for his rotator cuff injury; however, this in itself, does not state a claim for relief. To prevail on a claim of inadequate medical care, a prison inmate must prove a deliberate indifference to serious medical needs. *Estelle v. Gamble,* 429 U.S. 97, 106 (1976). Although plaintiff disputes the doctor's decision, such disputes rarely belong in federal court. An inmate does not have the right to choose his treatment, and his disagreement with the treatment options offered him( it appears that the doctor did give him an exercise regimen) does not render the treatment inadequate or establish that those treating him have acted with deliberate indifference. *See Meriwether v.*

*Faulkner,* 821 F.2d 408, 413 (7th Cir. 1987). In any case, the court does not rule on the merits of Plaintiff's claim, because it is clear that he failed to exhaust administrative remedies prior to filing his lawsuit. For this reason, the court finds there is no genuine dispute on the material facts presented by defendants.

## CONCLUSION

It is therefore ordered that the motion for summary judgment [28-1] is granted. Plaintiff's motion for leave to file an amended complaint [25-1, 34-1] is denied. This case is dismissed in its entirety. Any pending motions are denied as moot.

E N T E R:

*Blanche M. Manning*
**Blanche M. Manning**
**UNITED STATES DISTRICT COURT**

**DATED:** June 22, 2005